IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE JOHNSON,<br><br>            Plaintiff,<br><br>    v.<br><br>VIJAY and JAMES J. PRASAD,<br><br>            Defendants<br>                                                          / | No. C-05-0670 MMC<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT; DENYING PLAINTIFF'S MOTION TO STRIKE ANSWER AND ENTER DEFAULT; DIRECTING CLERK TO FILE SECOND AMENDED COMPLAINT** |

   Before the Court are plaintiff's application for entry of default, filed April 18, 2005, and plaintiff's motion to strike defendants' answer and enter default, filed May 11, 2005.[1] Having reviewed plaintiff's application and motion, as well as the file of the instant matter, the Court hereby RULES as follows:

   1. Plaintiff's request, made in both her application and motion, for entry of defendants' default is hereby DENIED, for the reason that defendants' answer is timely, having been filed on April 25, 2005, within 20 days of April 4, 2005, the date plaintiff served defendants with the Second Amended Complaint ("SAC"). See Fed. R. Civ. P. 12(a) (providing answer must be filed within 20 days of service of pleading).[2]

---

   [1]The above-titled action was reassigned to the undersigned on June 15, 2005.

   [2]Because April 24, 2005, the twentieth day after service, was a Sunday, defendants were entitled to file their answer on April 25, 2005. See Fed. R. Civ. P. 6(a) (providing where last day to file document is a Sunday, time to file is extended to following Monday).

2. Plaintiff's motion to strike defendants' answer, on the ground defendants did not personally sign the answer, is hereby DENIED because the answer is signed by defendants' counsel of record. See Fed. R. Civ. P. 11(a) (providing every pleading "shall be signed by at least one attorney of record . . . or, if the party is not represented by an attorney, shall be signed by the party").

3. Although plaintiff has neither sought leave to file her SAC nor submitted a stipulation between the parties allowing for the filing of the SAC, because defendants have filed an answer to the SAC and have not challenged the propriety of the filing of the SAC, the Court hereby DIRECTS the Clerk of the Court to file the SAC, which pleading shall be the operative complaint.

**IT IS SO ORDERED.**

Dated: June 16, 2005

/s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge